UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA RODRIGUEZ, Individually and as Administratrix of the Estate of Jose Rodriguez <br><br> Plaintiff, <br><br> v. <br><br> VICTOR MONTALVO and CARMEN SOLIS <br><br> Defendants. | CIVIL ACTION NO. <br><br> 04-40224-NMG |

# VERIFIED COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff brings this action seeking relief as a result of the fraudulent transfer of the real property located at 30 Mt. Pleasant Avenue, Leominster, Massachusetts by Defendant Victor Montalvo and his mother, Defendant Carmen Solis, while Plaintiff's claims were pending against Defendant Montalvo in an ongoing federal fair housing action, Rodriguez v. Montalvo, et al, Civil Action No. 02-40139 (NMG). Plaintiff seeks a temporary restraining order freezing the proceeds of the sale and mortgage of the Mt. Pleasant Avenue property, pending hearing and determination of Plaintiff's Motion for Preliminary Injunction.

## II.  JURISDICTION

2.  The Court has ancillary enforcement jurisdiction over this present action flowing from its jurisdiction of the ongoing litigation in Rodriguez v. Montalvo, et al, Civil Action No. 02-40139 (NMG).

1

III.  PARTIES

3. Plaintiff Maria Rodriguez resides at 36 Marcello Avenue, Apt. 6, Leominster, Massachusetts. Ms. Rodriguez brings this action individually and as Administratrix of the Estate of her son, Jose Rodriguez, who passed away on June 11, 2002.

4. Defendant Victor Montalvo resides at 1134 Northfield Road, Lunenburg, Massachusetts. Mr. Montalvo formerly had an ownership interest in the real property located at 30 Mount Pleasant Avenue, Leominster, Massachusetts.

5. Defendant Carmen Solis is the mother of Defendant Victor Montalvo. Upon information and belief, Ms. Solis currently resides at 4435 78th Street, Scottsdale, Arizona. Ms. Solis formerly had an ownership interest in the real property located at 30 Mount Pleasant Avenue, Leominster, Massachusetts.

IV.  STATEMENT OF THE FACTS

6. On July 29, 2002, Plaintiff Maria Rodriguez, individually and as Administratrix of the Estate of Jose Rodriguez, filed a Complaint in the United States District Court, District of Massachusetts, alleging that the Defendant, Victor Montalvo, refused to permit, at Plaintiff's expense, reasonable modifications to rental premises that were necessary to afford Plaintiff's disabled son full enjoyment of the premises.

7. At that time, Defendant Victor Montalvo individually owned the premises located at 30 Mount Pleasant Avenue, Leominster, MA. These premises contained multiple apartment units that Defendant Montalvo managed and maintained.

8. On February 19, 2003, Defendant Victor Montalvo conveyed one half of his interest in the Mount Pleasant Avenue property to his mother, Defendant Carmen Solis, for

$100.00. Said transaction was recorded at the Registry of Deeds in Fitchburg, Massachusetts in Book Number 4567, page 155.

9. Upon information and belief, Defendant Montalvo was unable to meet his daily living expenses and was incurring debts beyond his ability to pay as they became due at the time of the transfer described in paragraph 8.

10. On May 27, 2003, Jonathan L. Mannina, attorney of record for Ms. Rodriguez in Civil Action No. 02-40139 (NMG), had a telephone conference with Defendant Montalvo (who was pro se at the time) in connection with that action. Attorney Mannina contacted Defendant Montalvo, pursuant to Local Rule 7.1(2), to inform him that Plaintiff intended to file a motion for pre-judgment attachment in Civil Action No. 02-40139 (NMG).

11. The following day, on May 28, 2003, Defendant Montalvo conveyed the remaining one half interest in the Mount Pleasant Avenue property to his mother, Defendant Carmen Solis, for $100.00. Said transaction was recorded at the Registry of Deeds in Fitchburg, Massachusetts in Book Number 4738, page 40.

12. Upon information and belief, Defendant Montalvo was unable to meet his daily living expenses and was incurring debts beyond his ability to pay as they became due at the time of the transfer described in paragraph 11.

13. By memorandum and order dated January 12, 2004, Judge Gorton granted Plaintiff's motion for pre-judgment attachment, ordering a general real estate attachment of Defendant Montalvo's real property in the amount of $75,000.00. In that same order, Judge Gorton disqualified attorney David Florio from representing Victor Montalvo and Lori Oltman, who is the other Defendant in Civil Action No. 02-40139.

14. On or about February 9, 2004, Defendant Carmen Solis took out a mortgage on the Mount Pleasant Avenue property in the amount of $125,700.00 through Wells Fargo Home Mortgage, Inc. Said transaction was recorded at the Registry of Deeds in Fitchburg, Massachusetts in Book Number 5138, page 167.

15. On or about June 1, 2004, Defendant Solis conveyed her full interest in the Mount Pleasant Avenue property to an apparent bona fide purchaser in the amount of $205, 000.00. Said transaction was recorded at the Registry of Deeds in Fitchburg, Massachusetts in Book Number 5284, page 370.

16. Upon information and belief, attorney David Florio – the attorney who had previously been disqualified by Judge Gorton in Civil Action No. 02-40139 – assisted Ms. Solis with the conveyance described in paragraph 15. Upon information and belief, Lori Oltman (the other Defendant in Civil Action No. 02-40139) was working as an apprentice in attorney Florio's office at the time of the conveyance.

V.   CLAIMS FOR RELIEF

   A.   FIRST CLAIM FOR RELIEF (Transfer of February 19, 2003)

17. Plaintiff realleges and incorporates the facts and allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

18. Plaintiff Maria Rodriguez is a creditor as defined by Massachusetts General Laws Chapter 109A, Section 2.

19. Defendant Victor Montalvo's transfer of the Mount Pleasant Avenue property to his mother, Defendant Carmen Solis, for $100.00 on February 19, 2003 was fraudulent as to Plaintiff Maria Rodriguez, as described below.

20. Defendant Montalvo made the transfer described in paragraph 19 with actual intent to hinder, delay, or defraud the Plaintiff from being able to recover any judgment entered in her favor in Civil Action No. 02-40139 (NMG); therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(1).

21. Defendant Montalvo made the transfer described in paragraph 19 without receiving a reasonably equivalent value in exchange for the transfer, and he intended to incur, or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due; therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(2).

22. Defendant Victor Montalvo made the transfer described in paragraph 19 without receiving a reasonably equivalent value in exchange for the transfer, and he was insolvent at the time or became insolvent as a result of the transfer; therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 6(a).

B. <u>SECOND CLAIM FOR RELIEF</u> (Transfer of May 28, 2003)

23. Plaintiff realleges and incorporates the facts and allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

24. Plaintiff Maria Rodriguez is a creditor as defined by Massachusetts General Laws Chapter 109A, Section 2.

25. Defendant Victor Montalvo's transfer of the Mount Pleasant Avenue property to his mother, Defendant Carmen Solis, for $100.00 on May 28, 2003 was fraudulent as to Plaintiff Maria Rodriguez, as described below.

26. Defendant Montalvo made the transfer described in paragraph 25 with actual intent to hinder, delay, or defraud the Plaintiff from being able to recover any judgment entered in her favor in Civil Action No. 02-40139 (NMG); therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(1).

27. Defendant Montalvo made the transfer described in paragraph 25 without receiving a reasonably equivalent value in exchange for the transfer, and he intended to incur, or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due; therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(2).

28. Defendant Victor Montalvo made the transfer described in paragraph 25 without receiving a reasonably equivalent value in exchange for the transfer, and he was insolvent at the time or became insolvent as a result of the transfer; therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 6(a).

C. <u>THIRD CLAIM FOR RELIEF</u> (Transfer of February 9, 2004)

29. Plaintiff realleges and incorporates the facts and allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

30. Plaintiff Maria Rodriguez is a creditor as defined by Massachusetts General Laws Chapter 109A, Section 2.

31. By taking out a mortgage on the Mount Pleasant Avenue property on or about February 9, 2004, Defendant Carmen Solis made a transfer or incurred an obligation with actual intent to hinder, delay, or defraud the Plaintiff from being able to recover any judgment entered in her favor in Civil Action No. 02-40139 (NMG); therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(1).

D. <u>FOURTH CLAIM FOR RELIEF</u> (Transfer of June 1, 2004)

32. Plaintiff realleges and incorporates the facts and allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

33. Plaintiff Maria Rodriguez is a creditor as defined by Massachusetts General Laws Chapter 109A, Section 2.

34. By selling the Mount Pleasant Avenue property on or about June 1, 2004, Defendant Carmen Solis made a transfer with actual intent to hinder, delay, or defraud the Plaintiff from being able to recover any judgment entered in her favor in Civil Action No. 02-40139 (NMG); therefore, the transfer was fraudulent as to the Plaintiff under Massachusetts General Laws Chapter 109A, Section 5(a)(1).

VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, the plaintiff prays that this Court:

a. Assume jurisdiction of this action;

b. Issue a temporary restraining order enjoining and restraining Defendant Victor Montalvo from withdrawing, transferring, spending, lending, liquidating, or otherwise disposing

of or encumbering any of the proceeds of the sale or mortgage of the Mount Pleasant Avenue property pending hearing and determination of Plaintiff's Motion for Preliminary Injunction;

c. Issue a temporary restraining order enjoining and restraining Defendant Carmen Solis from withdrawing, transferring, spending, lending, liquidating, or otherwise disposing of or encumbering any of the proceeds of the sale or mortgage of the Mount Pleasant Avenue property pending hearing and determination of Plaintiff's Motion for Preliminary Injunction;

d. After hearing, issue a preliminary injunction restraining and enjoining Defendant Victor Montalvo from withdrawing, transferring, spending, lending, liquidating, or otherwise disposing of or encumbering any of the proceeds of the sale or mortgage of the Mount Pleasant Avenue property pending further order of this Court;

e. After hearing, issue a preliminary injunction restraining and enjoining Defendant Carmen Solis from withdrawing, transferring, spending, lending, liquidating, or otherwise disposing of or encumbering any of the proceeds of the sale or mortgage of the Mount Pleasant Avenue property pending further order of this Court;

f. After hearing, appoint a receiver to take charge of proceeds of the sale and mortgage of the Mount Pleasant Avenue property in order to safeguard said proceeds pending the outcome of Civil Action No. 02-40139 (NMG);

g. Declare unlawful the actions of the Defendants under the statutes cited above;

h. If Plaintiff Maria Rodriguez obtains a judgment for monetary relief in Civil Action No. 02-40139 (NMG), order the receiver and/or Defendants to satisfy said judgment from the proceeds of the sale or mortgage of the Mount Pleasant Avenue property; and

i. Provide any other relief this court deems just and equitable.

Signed under the pains and penalties of perjury this ____ day of October, 2004.

                                                        Jonathan L. Mannina, BBO # 636492
                                                        Counsel for Plaintiff
                                                        Legal Assistance Corp. of Central Mass.
                                                        405 Main Street
                                                        Worcester, MA  01608
                                                        Tel: (508) 752-3718
                                                        Fax: (508) 752-5918

Dated: _____

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maria Rodriguez, Individually and as Administratrix of the Estate of Jose Rodriguez

## DEFENDANTS
Victor Montalvo and Carmen Solis

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jonathan Mannina
Legal Assistance Corp. of Central Massachusetts
405 Main Street
Worcester, MA 01608 - (508) 752-3718

ATTORNEYS (IF KNOWN)
04-40224

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Ancillary Enforcement Jurisdiction

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☒ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff brings this action seeking relief as result of Defendant's fraudulent transfer of real property while plaintiff's fair housing claims were pending against Defendant Montalvo in Civil Action No. 02-40139 (NMG).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: Nathaniel M. Gorton
DOCKET NUMBER: 02-40139

DATE: [signature]
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Maria Rodriguez v. Victor Montalvo, et al.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**
   Maria Rodriguez v. Victor Montalvo, et al., Civil Action No. 02-40139 (NMG)

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
   See related case above.

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ____

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** No

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).** YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?** YES __X__ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Central

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Central

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____**

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Jonathan Mannina
ADDRESS  Legal Assistance Corp. of Central Massachusetts, 405 Main Street, Worcester, MA 01608
TELEPHONE NO.  (508) 752-3718

(Category.frm - 09/92)