UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA RODRIGUEZ, Individually and as Administratrix of the Estate of Jose Rodriguez<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MONTALVO and CARMEN SOLIS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.

# 04-40224 -*NMG*

## MEMORANDUM OF REASONS IN SUPPORT OF PLAINTIFF'S (EX PARTE) MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, through counsel, submits this Memorandum of Reasons in Support of her (ex parte) Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Plaintiff is requesting the Court to issue an order freezing any proceeds from the sale and mortgage of real property that Defendants fraudulently transferred during the course of the pending civil rights action, Civil Action No. 02-40139 (NMG).

STATEMENT OF FACTS[1]

On July 29, 2002, Plaintiff filed a Complaint in this court alleging that Defendant Montalvo refused to permit, at Plaintiff's expense, reasonable modifications to rental premises that were necessary to afford Plaintiff's disabled son full enjoyment of the premises, in

---

[1] The factual information contained in this section of Plaintiff's Memorandum of Reasons is derived from Plaintiff's Verified Complaint, which is being filed together with this Memorandum of Reasons.

1

violation of the Fair Housing Act. This action (bearing Civil Action No. 02-40139 (NMG)) is being litigated before Judge Gorton and is currently in the discovery phase.

When Civil Action No. 02-40139 was filed in 2002, Defendant Montalvo individually owned the premises located at 30 Mount Pleasant Avenue, Leominster, Massachusetts ("Mount Pleasant Avenue property"). The Mount Pleasant Avenue property contained multiple apartment units that Defendant Montalvo managed and maintained.

On February 19, 2003, Defendant Montalvo conveyed one half of his interest in the Mount Pleasant Avenue property to his mother, Defendant Solis, for $100.00. To Plaintiff's knowledge, Defendant Montalvo was unable to meet his daily living expenses and was incurring debts beyond his ability to pay as they became due at the time of the transfer of the Mount Pleasant Avenue property in February 2003.

On May 27, 2003, Jonathan L. Mannina, attorney of record for Ms. Rodriguez in Civil Action No. 02-40139, had a telephone conference with Defendant Montalvo (who was pro se at the time) in connection with that action. Attorney Mannina contacted Defendant Montalvo, pursuant to Local Rule 7.1(2), to inform him that Plaintiff intended to file a motion for pre-judgment attachment in Civil Action No. 02-40139.

The following day, on May 28, 2003, Defendant Montalvo conveyed his remaining one half interest in the Mount Pleasant Avenue property to his mother, Defendant Solis, for $100.00. To Plaintiff's knowledge, Defendant Montalvo was unable to meet his daily living expenses and was incurring debts beyond his ability to pay as they became due at the time of the transfer of the Mount Pleasant Avenue property in May 2003.

2

By memorandum and order dated January 12, 2004, Judge Gorton granted Plaintiff's motion for pre-judgment attachment, ordering a general real estate attachment of Defendant Montalvo's real property in the amount of $75,000.00. In that same order, Judge Gorton disqualified attorney David Florio from representing Victor Montalvo and Lori Oltman, who is the other Defendant in Civil Action No. 02-40139.

On or about February 9, 2004, Defendant Solis took out a mortgage on the Mount Pleasant Avenue property in the amount of $125,700.00 through Wells Fargo Home Mortgage, Inc. Thereafter, on or about June 1, 2004, Defendant Solis conveyed her full interest in the Mount Pleasant Avenue property to an apparent bona fide purchaser in the amount of $205,000.00. To Plaintiff's knowledge, attorney David Florio – the attorney who had previously been disqualified by Judge Gorton in Civil Action No. 02-40139 – assisted Ms. Solis with the June 2004 conveyance. Furthermore, to Plaintiff's knowledge, Lori Oltman (the other Defendant in Civil Action No. 02-40139) was working as an apprentice in attorney Florio's office at the time of the June 2004 conveyance.

ARGUMENT

In order to determine if a preliminary injunction should issue, a district court should consider four elements: "the probability of the movant's success on the merits, the prospect of irreparable harm absent the injunction, the balance of the relevant equities (focusing upon the hardship to the movant if an injunction does not issue as contrasted with the hardship to the nonmovant if it does), and the effect of the court's action on the public interest." Matos v. Clinton School Dist., 367 F.3d 68, 73 (1st Cir. 2004) (citing Ross-Simons of Warwick, Inc. v.

Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Narragansett Indian Tribe v. Guilbert, 934 F2d. 4, 5 (1st Cir. 1991)); see also Planned Parenthood v. Bellotti, 641 F.2d 1006 (1st Cir. 1981). While a moving party generally must satisfy each element, "when the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief." EEOC v. Astra USA, Inc., 94 F.3d 738, 743 (1st Cir. 1996).

Plaintiff submits that consideration of each of these elements weighs in favor of granting Plaintiff's request that this Court freeze the proceeds of the sale and mortgage of the Mount Pleasant Avenue property.

### Likelihood of Prevailing on the Merits

Plaintiff is likely to succeed on the merits of her fraudulent conveyance claim under M.G.L. c. 109A, §§ 5-6. Section 5(a) provides, in relevant part, that a transfer is fraudulent as to a creditor whose claim arose before or after the transfer if it is made (1) "with actual intent to hinder, delay or defraud" the creditor,[2] or (2) "without receiving a reasonably equivalent value in exchange for the transfer" and the debtor "intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." See M.G.L. c. 109A, § 5(a). Section 6(a) provides, in relevant part, that a transfer is fraudulent as to a creditor whose claim arose before the transfer if it is made "without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . ." See M.G.L. c. 109A, § 6(a).

---

[2] Section 5(b) sets forth various factors to consider in determining actual intent under 5(a)(1), including, but not limited to, whether: the transfer was to an insider, the debtor retained control of the property after the transfer, the debtor had been sued before the transfer, the transferred property represented substantially all of the debtor's assets, the value of the consideration received was reasonably equivalent to the value of the asset transferred, and the debtor was insolvent or became insolvent shortly after the transfer was made. See M.G.L. c. 109A, § 5(b).

4

Clearly, each of Defendant Montalvo's transfers to his mother was fraudulent under these standards. Under Section 5(a)(2), Defendant Montalvo did not receive a reasonably equivalent value in exchange for the transfers. He received $100.00 for each of the transfers, but his mother sold the property to a third party for over $200,000.00. Defendant Montalvo also knew or should have known that he would incur debts beyond his ability to pay. In communications to Plaintiff's counsel and in submissions to the Court in connection with Civil Action No. 02-40139, Defendant Montalvo has repeatedly threatened to file bankruptcy. See, e.g., Defendant Montalvo's Verified Motion for Leave for Additional Time to File Opposition to Plaintiff's Motion for Default Judgment and/or Other Relief, at ¶ 9. Moreover, in the course of discovery in Civil Action No. 02-40139, Defendant Montalvo disclosed various documents that demonstrate the he was on notice that he would incur debts beyond his ability to pay. See Documents attached hereto as part of Exhibit A (including child support arrearage of $1,238.01 in December 2002; Citi Platinum Select Card balance of $19,529.42 in March 2004; etc.).[3]

Consideration of the various factors in Section 5(b) also makes clear that the transfers were made with the requisite intent required by Section 5(a)(1). The transfers were made to Defendant Montalvo's mother, who is an "insider." See M.G.L. c. 109A, § 2 (term "insider" includes a debtor's "relative," which is defined as "an individual related by consanguinity within the third degree"). Defendant Montalvo had been sued before the transfers were made. Upon information and belief, Defendant Solis never resided in the subject property (and was a New

---

[3] Defendant Montalvo's first counsel in Case No. 02-40139, Laura Hancock-Barry, informed Plaintiff's counsel, by letter dated January 6, 2003, that Mr. Montalvo was working at Sterlite at the time, earning $12.00 per hour, and that he brought home less than $200 per week, after paying weekly child support. She also stated that "Mr. Montalvo lives pay check to pay check. He has no savings, CD's, stocks, bonds, retirement plans or any investments other than rental property." Ms. Hancock-Barry subsequently filed a motion to withdraw from the case on March 3, 2003 on the ground that Mr. Montalvo was "unable to pay for legal representation."

York and Arizona resident at all relevant times), so it is fair to assume that Defendant Montalvo retained control of the property after the transfers. As mentioned above, Defendant Montalvo did not receive fair consideration for the transferred property. Finally, the Court should presume that Mr. Montalvo was insolvent at the time of the transfers, based on the financial documents attached at Exhibit A. See M.G.L. c. 109A, § 3 ("A debtor who is generally not paying his debts as they become due is presumed to be insolvent.").

Similarly, the transfers were fraudulent under M.G.L. c. 109A, § 6(a) since Defendant Montalvo did not receive a reasonably equivalent value in exchange for either transfer and, based on the documents at Exhibit A, he was insolvent at the time of each transfer.

Accordingly, the transfers were fraudulent as to Plaintiff Maria Rodriguez, who is a "creditor" under M.G.L. c. 109A. See M.G.L. c. 109A, § 2 (defining "creditor" as a person with "contingent," "unmatured" and "disputed" claims, "whether or not . . . reduced to judgment"); see also Hoult v. Hoult, 862 F.Supp. 644 (D.Mass. 1994) (Collings, U.S.M.J.) (under Massachusetts version of Uniform Fraudulent Conveyance Act, a plaintiff who has filed a tort suit based solely on personal injuries is a "creditor" of the defendant named in the suit prior to entry of judgment in the plaintiff's favor), reconsideration denied, 2002 WL 1009378 (D.Mass. 2002) (Woodlock, J.).

Irreparable Harm

Absent the relief requested, Plaintiff will suffer irreparable harm. Defendants have engaged in fraudulent actions designed to thwart Plaintiff's right to seek compensation for serious infringements of her fair housing rights. After suit was filed in Civil Action No. 02-40139, Defendant Montalvo fraudulently transferred a valuable asset (worth over $200,000.00)

6

to his mother, who in turn mortgaged the property, sold it to a good faith purchaser for value, and then moved from New York to Arizona. After suit was filed, Defendant Montalvo filed a homestead exemption on another piece of property at which he allegedly resides.

As a result of these actions, and in light of Defendant Montalvo's apparent intention to declare bankruptcy, the proceeds from the transfers of the Mount Pleasant Avenue property realistically are the only assets that might be available to satisfy a judgment in Plaintiff's favor in Civil Action No. 02-40139 (NMG). With every passing day, the probability that the proceeds are being further dissipated clearly increases, based on Defendants' past actions. Plaintiff submits that the requested relief is necessary if she is to have any chance of recovering a judgment in her favor after trial in Civil Action No. 02-40139 (NMG). See, e.g., Hilao v. Estate of Marcos (In re Estate of Ferdinand Marcos, Human Rights Litig.), 25 F.3d 1467, 1480 (9th Cir. 1994) (district court did not abuse discretion in finding irreparable harm where substantial danger that the defendant would transfer or conceal funds, resulting in denying recovery to the plaintiff); Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986) (if party cannot collect a money judgment, then failure to enter preliminary injunction enjoining sale of assets would cause irreparable harm).

## Balance of Equities

The balance of the relevant equities favors granting Plaintiff's request for relief. As discussed above, Defendants have engaged in repeated acts of fraud, which, absent intervention by the court, will have been successful in preventing Plaintiff from recovering after a judgment in her favor. Plaintiff is unaware of any hardship to Defendant if the order

issues. While Plaintiff does not know the present location of the proceeds or if Defendants are using them, Plaintiff submits that Defendants should not be permitted to claim hardship arising from their dependence on funds that were fraudulently obtained.

### Public Interest

For the reasons discussed above, the public interest favors granting Plaintiff's request for relief as well. Defendants have engaged in fraudulent actions designed to thwart Plaintiff's right to seek compensation for serious infringements of her civil rights. The Court should not countenance such actions on the part of Defendants.

### CONCLUSION

For the reasons described above, the Court should issue the accompanying proposed ex parte temporary restraining order and, after notice to the opposing parties and a hearing, issue a preliminary injunction with the same or similar terms and conditions.

PLAINTIFF
By her attorney,

Jonathan L. Mannina, BBO # 636492
Legal Assistance. Corp. of Central Mass.
405 Main Street
Worcester, MA 01608
Tel: (508) 752-3718
Fax: (508) 752-5918

Dated:

8



LOCKBOX BIII

SOCIAL SECURITY NUMBER

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

PIN NUMBER

00.1693.0547
BILLING PERIOD

12/21/02 to 12/27/02



Commonwealth of Massachusetts
Department of Revenue
Child Support Enforcement Division
P.O. Box 55144
Boston, MA 02205-5144
Telephone: 1-800-332-2733

MONTALVO MANUEL. VICTOR
PO BOX 127
TOWNSEND MA 01469-0000

---

## ** No Global Billing record **

Retain this portion for your records. To avoid additional charges, pay the total balance due by the Due Date. Please see reverse side for additional information.

ACCOUNT SUMMARY AS OF BILLING DATE: 12/13/02            (includes information for all obligations)

| BALANCE DUE | | PERIODIC CHARGES | | | |
|---|---|---|---|---|---|
| Arrears: | $1,238.01 | Current Support Obligation: | $150.00 | Due Date: | 12/27/02 |
| Interest: | $.00 | Periodic Payment Toward Arrears: | $37.50 | Total Due: | $1,238.01 |
| Penalty: | $.00 | Subtotal of Periodic Charges: | $187.50 | | |
| Misc. Fees: | $.00 | | | | |
| Subtotal: | $1,238.01 | | | | |

CHANGE OF ADDRESS

First Name: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Middle Name: [ ][ ][ ][ ][ ][ ][ ][ ][ ]

Last Name: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Address: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

If address above is incorrect, write new address in these boxes and return with your Remittance Form.

City: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   State: [ ][ ]

00.1693.0547

Zip: [ ][ ][ ][ ][ ]-[ ][ ][ ][ ]

### Remittance Form   To ensure that your account is credited accurately and promptly, please detach and return this portion with your payment.

MONTALVO MANUEL. VICTOR
PO BOX 127
TOWNSEND MA 01469-0000

Social Security Number: 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
Due Date: 12/27/02
Subtotal of Periodic Charges:    $187.50
Total Due:    $1,238.01    ▷    [                    ]

Please enter total amount paid.
Make check or money order payable to:
COMMONWEALTH OF MASSACHUSETTS.
Include your Social Security number on the check or money order. DO NOT SEND CASH.

0615833020018750b

**Lockbox Bill**

SOCIAL SECURITY NUMBER

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

PIN NUMBER

00.1693.0547
BILLING PERIOD

03/13/04 to 03/19/04


MONTALVO MANUEL. VICTOR
PO BOX 127
TOWNSEND MA 01469

Commonwealth of Massachusetts
Department of Revenue
Child Support Enforcement Division
P.O. Box 55144
Boston, MA 02205-5144
Telephone: 1-800-332-2733

---

**\*\* No Global Billing record \*\***

Retain this portion for your records. To avoid additional charges, pay the total balance due by the Due Date. Please see reverse side for additional information.

ACCOUNT SUMMARY AS OF BILLING DATE: 03/05/04          (includes information for all obligations)

| BALANCE DUE | | PERIODIC CHARGES | | | |
|---|---|---|---|---|---|
| Arrears: | $2,625.51 | Current Support Obligation: | $150.00 | Due Date: | 03/19/04 |
| Interest: | $.00 | Periodic Payment Toward Arrears: | $37.50 | Total Due: | $2,775.51 |
| Penalty: | $.00 | Subtotal of Periodic Charges: | $187.50 | | |
| Misc. Fees: | $.00 | | | | |
| Subtotal: | $2,625.51 | | | | |

CHANGE OF ADDRESS   First Name: ☐☐☐☐☐☐☐☐☐☐☐   Middle Name: ☐☐☐☐☐☐☐☐

Last Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Address: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

If address above is incorrect, write new address in these boxes and return with your Remittance Form.

City: ☐☐☐☐☐☐☐☐☐☐☐   State: ☐☐

Zip: ☐☐☐☐☐-☐☐☐☐          00.1693.0547

**Remittance Form**   To ensure that your account is credited accurately and promptly, please detach and return this portion with your payment.

MONTALVO MANUEL. VICTOR
PO BOX 127
TOWNSEND MA 01469


Social Security Number: 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
Due Date: 03/19/04
Subtotal of Periodic Charges:   $187.50
Total Due:   $2,775.51   ▷   ☐

Please enter total amount paid.
Make check or money order payable to:
COMMONWEALTH OF MASSACHUSETTS.
Include your Social Security number on the check or money order. DO NOT SEND CASH.

# Citi Platinum Select Card

**CITI**

Account Number
5410 6540 5458 5119

**Customer Service:**

| | Total Credit Line | Available Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-950-5114 | $22200 | $2670 | $6000 | $2679 | $19529.42 |
| BOX 6062 | Statement/ | Amount Over | | Purch/Adv | Minimum |
| SIOUX FALLS, SD | Closing Date | Credit Line | Past Due | Minimum Due | Amount Due |
| 57117 | 03/23/2004 | $0.00 + | $0.00 + | $403.00 = | $403.00 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 3/12 | 43756296 | **Payments, Credits & Adjustments**<br>PAYMENT THANK YOU | -399.00 |
| 2/24<br>2/27<br>3/01 | 2/24<br>2/27<br>3/01<br>3/23 | GM8MMWD3<br>MM8MMWD3<br>KP8MMWD3 | **Standard Purch**<br>PARKER PROF DRIVING SC AVON          MA<br>PARKER PROF DRIVING SC AVON          MA<br>PARKER PROF DRIVING SC AVON          MA<br>PURCHASES*FINANCE CHARGE*PERIODIC RATE | 160.00<br>160.00<br>160.00<br>34.50 |
| | 3/23 | | **Balance Transfer - Charged To Offer 6**<br>PURCHASES*FINANCE CHARGE*PERIODIC RATE | 6.70 |
| | 3/23 | | **Balance Transfer - Charged To Offer 7**<br>PURCHASES*FINANCE CHARGE*PERIODIC RATE | 50.52 |
| | 3/23 | | **Balance Transfer - Charged To Offer 9**<br>PURCHASES*FINANCE CHARGE*PERIODIC RATE | 3.78 |
| 9/27 | 2/11 | 3273 | ***  DISPUTED ITEM(S) ***<br>STATE FAIRS HOME SHOW  VENTNOR          NJ<br>$169.28 + PREVIOUS BILLED FIN. CHG.    $5.74 | |

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $19,352.92 | $480.00 | $399.00 | $95.50 | $19,529.42 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $19,352.92 | $480.00 | $399.00 | $95.50 | $19,529.42 |

Days This Billing Period: 29

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| **PURCHASES** | | | | |
| Standard Purch | $4,346.14 | 0.02737%(D) | 9.990% | 9.990% |
| Offer 6 | $1,207.03 | 0.01915%(D) | 6.990% | 6.990% |
| Offer 7 | $12,982.10 | 0.01342%(D) | 4.900% | 4.900% |
| Offer 9 | $953.97 | 0.01367%(D) | 4.990% | 4.990% |
| **ADVANCES** | | | | |
| Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

SEND PAYMENTS TO:  CITI CARDS P.O. BOX 8116 S HACKENSACK, NJ 07606-8116

PLEASE FOLLOW PAYMENT INSTRUCTIONS ON REVERSE SIDE. PAYMENT MUST BE RECEIVED BY 1:00 PM LOCAL TIME ON 04/19/2004                2294S

Visit: www.citicards.com

**citi**

15410654054585119999999940300591 8

Your Account Number
5410 6540 5458 5119

Please Enter Amount of Payment Enclosed

| Payment Must Be Received By | Your Total Balance | Minimum Amount Due | |
|---|---|---|---|
| APR 19 2004 | $19529.42 | $403.00 | $ |

2294S PM  00 A 1        BR1010192

VICTOR M MONTALVO
47 SALEM ST
FITCHBURG                    MA  01420-5640

CITI CARDS
P.O. BOX 8116
S HACKENSACK, NJ 07606-8116

( )                    ( )
New Home Phone          New Business Phone

Print changes of address, phone number or email above

*If you provide an e-mail address, we may use it to contact you about your account. We may also use your e-mail address to send you information about products and services you might find useful.

# Banknorth, N.A.
## Massachusetts

T

**STATEMENT OF ACCOUNT**

VICTOR MONTALVO
PO BOX 127
TOWNSEND MA 01469

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Feb 04 2004-Mar 03 2004 |
| Cust Ref #: | 8240343131-602-T-### |
| Primary Account #: | 824-0343131 |

## DON'T DO TAXES THE HARD WAY!

VISIT BANKNORTHMA.COM/TAXCENTER TO LEARN MORE ABOUT TURBOTAX FOR THE WEB. THE SOFTWARE INCLUDES THE NEW TAX LAW CHANGES TO HELP YOU GET EVERY TAX DEDUCTION YOU DESERVE. DISCOVER HOW FAST AND EASY IT IS TO PREPARE AND FILE YOUR TAXES ONLINE WITH TURBOTAX FOR THE WEB. VISIT BANKNORTHMA.COM/TAXCENTER TODAY.

## SimplyFree Checking
VICTOR MONTALVO

Account # 824-0343131

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 1.75 | Average Collected Balance | 1.75 |
| Ending Balance | 1.75 | | |

### DAILY ACCOUNT ACTIVITY

No Transactions this Statement Period

Call 1-800-747-0000 for 24-hour Direct Banking service



Victor Montalvo

| | | | | | | | | | Earnings Statement |

| SSN | 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 | | Fed Taxable Income | | 525.00 | Check Date | December 26, 2002 | Voucher Number | 13364 |
| Emp Id | 202557 | | Fed Filing Status | | S-0 | Period Beginning | December 15, 2002 | Net Pay | 383.12 |
| Location | 1-7001 | | State Filing Status | | S-0 | Period Ending | December 21, 2002 | Check Amount | |

| Earning | Rate | Hours | Amount | YTD Amt | Tax/Deduction | Amount | YTD Amt | Direct Deposit | Type | Transit | Account | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Regular Ea | 12.0000 | 42.50 | 510.00 | 5,874.00 | FITW | 65.43 | 768.16 | BankNorth | C | 211370545 | 8240343131 | 383.12 |
| Funeral | | | | 96.00 | MA | 25.79 | 300.58 | | | | | |
| Overtime E | 6.0000 | 2.50 | 15.00 | 148.50 | MED | 7.61 | 88.72 | | | | | |
| | | | | | SS | 32.55 | 379.35 | | | | | |
| | | | | | Store Purc | 10.50 | 30.36 | Total Direct Deposits | | | | 383.12 |

| Benefit | Amount | YTD Amt | Accrual | Hours | Dollars |
|---|---|---|---|---|---|
| | | | Per/S | 8.0000 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Total Earnings | 45.00 | 525.00 | 6,118.50 | Totals | 141.88 | 1,567.17 | |

Store hours are from 12:30 - 1:30 daily.

DO NOT ACCEPT THIS CHECK without confirming presence of Artificial Watermark on back. Other security features are listed on back.

**Sterilite**
Townsend, MA 01469

Direct Deposit Advice

Check Date
December 26, 2002

Voucher Number
13364

Direct Deposit Voucher

| | | Direct Deposit | Type | Transit | Account | Amount |
|---|---|---|---|---|---|---|
| | | BankNorth | C | 211370545 | 8240343131 | 383.12 |

0493 1-7001 202557 13364 155463
Victor Montalvo
47 Salem St.
Fitchburg, MA 01420

| | | | |
|---|---|---|---|
| Total Direct Deposits | | | 383.12 |

Non Negotiable - This is not a check - Non Negotiable

GMAC Mortgage **Account Statement**

## GMAC Mortgage



**CUSTOMER INFORMATION**

Name:                VICTOR MONTALVO

Account Number:      0359006603
Home Phone #:        (508)654-1337

**PROPERTY ADDRESS**

47 SALEM STREET
FITCHBURG    MA 01420

BXC251 00HAFA4 9 60    000106E 20040315 0C22110  GMAFC    1 02 004M DC23110000= 146316    GM
#BWNHJPY
*KW047240092434
||||...||..||..||..||.,.||.||.,...||.|||.,,.||,...||..||.,II.,II
VICTOR MONTALVO
47 SALEM STREET
FITCHBURG MA 01420-5640

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

Customer Care Inquiries:    1-800-766-4622
Home Financing Needs:       1-800-753-4622

### Account Information

| | |
|---|---|
| Account Number | 0359006603 |
| Current Statement Date | March 18, 2004 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 6.62500 |
| Current Principal Balance* | $123,233.29 |
| Current Escrow Balance | $0.00 |
| Interest Paid Year-to-Date | $1,362.56 |
| Taxes Paid Year-to-Date | $0.00 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $793.35 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $793.35 |
| Outstanding Late Charges | $58.10 |
| Other | $0.00 |
| Total Amount Due | $1,644.80 |
| Account Due Date | March 01, 2004 |

For questions on the servicing of your account,
call 1-800-766-4622.

**Account Activity Since Last Statement**

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

PO Box 620, Middleborough, MA 02346-0620

**FORWARDING SERVICE REQUESTED**

STATEMENT
12/16/02

PROPERTY ADDRESS:    47 SALEM ST
FITCHBURG     MA

0353MS 04/12/02   10.55     0001291 12/17/02 MEPLYS01    I G2   0094500347=

VICTOR MONTALVO
47 SALEM ST
FITCHBURG MA   01420-5640

Customer Copy

H
O
T
L
I
N
E

IMPORTANT MESSAGE!!!

In order to better serve you, we will be
sending your end of year statement under separate cover.
These will be postmarked no later than January 31, 2003.

## ACCOUNT NUMBER    300052034
INTEREST RATE    8.250      YEAR TO DATE INFORMATION

| | BALANCE | MONTHLY CONSTANT | | |
|---|---|---|---|---|
| PRINCIPAL | 29,493.71 | | | |
| ESCROW | 870.91 | 227.11 | YTD INTEREST PAID | 2,450.26 |
| OPTIONAL INSURANCE | | | YTD TAXES PAID | 1,596.18 |

| ITEM | DUE DATE | TOTAL PAYMENT | PRINCIPAL & INTEREST | ESCROW | OPTIONAL INS. | OUTSTANDING LATE CHARGE | MISC FEE |
|---|---|---|---|---|---|---|---|
| PMT | 01/01/03 | 462.64 | 202.77 | 227.11 | | | |

**TOTAL DUE**    462.64

LATE CHARGE OF    7.06 DUE ON EACH PAYMENT RECEIVED AFTER THE 15 DAY GRACE PERIOD.

↓ PLEASE DETACH AND RETURN WITH PAYMENT ↓

**PLYMOUTH SAVINGS BANK.**

1-800-234-1477
CUSTOMER INFORMATION

MAKE CHECK PAYABLE TO:
"PLYMOUTH SAVINGS BANK"

NAME: VICTOR MONTALVO
**ACCOUNT NUMBER: 300052034**

| ITEM | DUE DATE | TOTAL PAYMENT DUE |
|---|---|---|
| PMT | 01/01/03 | 462.64 |

**TOTAL DUE**    462.64

PLEASE APPLY EXCESS PAYMENT TO:

PRINCIPAL           $ _____
TOTAL PAYMENT ENCLOSED   $ _____

**PLEASE REFER TO REVERSE SIDE
FOR ADDITIONAL INFORMATION**
CHECK HERE ☐ IF ADDRESS OR
TELEPHONE NUMBER HAS CHANGED
AND COMPLETE REVERSE SIDE

=0724693464463=

PLYMOUTH SAVINGS BANK, RLD
PO BOX 8346
BOSTON MA 02266-8346

0000000300052034 23 0000046264 0