UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-40224-NMG

|  |  |
|---|---|
| MARIA RODRIGUEZ, Individually<br>And as Administratrix of the Estate<br>Of Jose Rodriguez,<br>    Plaintiff<br><br>v.<br><br>VICTOR MONTALVO and<br>CARMEN SOLIS<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF VINCENT PUSATERI, JR., ESQ.**

I, Vincent Pusateri, Jr., Esq., do hereby depose and state the following:

1. I am an attorney licensed to practice in the Commonwealth Of Massachusetts. I previously represented Victor Montalvo in a matter pending before the Massachusetts Commission Against Discrimination ("MCAD") involving Maria Rodriquez.

2. I attended the investigative conference at the MCAD with Mr. Montalvo on November 7, 2001. At that conference, I gave Plaintiff's counsel a Predetermination Agreement in accordance with 804 CMR 1.15(1). A copy of the Predetermination Agreement is attached hereto as Exhibit A.

3. As I handed the document to Plaintiff's counsel, he folded his arms and leaned away and said something to the effect that the case has now gone beyond the installation of the ramp, and the case was now a monetary issue. The case did not resolve at the conference.

4.      There were subsequent discussions regarding a lift and a ramp after the conference and, through correspondence, several authorizations were made. Specifically, the January 14th letter authorizes the lift that Plaintiff had proposed. Copies of these correspondences are attached as Exhibit B.

5.      Then, by letter dated February 12, 2002, I told Plaintiff's counsel that they were authorized to construct the ramp they proposed if they did not agree with Mr. Montalvo's proposal. A copy of the February 12, 2002 letter is attached hereto as Exhibit C.

6.      In or about Spring 2002, I had a telephone conversation with Plaintiff's counsel. During that conversation, I pointed out the existence of a company called "USA Ramp," which I believed at the time rented ramps for handicapped persons. I expressed to him my concern that a ramp had not been installed in light of the previous authorizations. He indicated to me that he felt that things were held up in his office and that, consequently, it was important to get this case settled.

Signed under the pains and penalties of perjury on this 6 day of May, 2005.

_____
Vincent Pusateri, Jr., Esq.