Commonwealth of Massachusetts          Complaint #01-26-10096

MASSACHUSETTS COMMISSION AGAINST
DISCRIMINATION HOUSING COMPLAINT

JORGE CABRERRA and MARIA RODRIGUEZ
    Complainants

V.

VICTOR MONTALVO and LORI OLTMAN
    Respondents

PREDETERMINATION AGREEMENT

1. The respondents offer the following pursuant to 804 CMR 1.15 (5) (b) and 1.15 (6) not as an admission of discrimination but to the contrary as a demonstration of their intention to accomodate the complainants family.

2. There are three entrances to the apartment. The one entrance on the side where the dirveway is located may be converted into a wooden ramp in accordance with c. 151B sec. 4 by a licensed contractor. Tenants are to produce drawings to the landlord for his review..

3. The tenants may investigate the other entrances including calling the locksmith to open the front door and to hire an engineer or architect.

4. The tenants alternatives for the ramp can be reviewed at a four way meeting with counsel.

5. The matter is hereby referred back to the housing court to monitor compliance with the pre-determination agreement in accordance with 804 CMR 1.15(1).

6. The parties agree that the commission hereby deter its investigation of the complaint until there has been a resolution of the activity in the Housing Court. 804 CMR 1.15(1).

# Pusateri & Pusateri, P.C.
### Attorneys at Law

Vincent Pusateri
Sylvia L. Pusateri
Vincent P. Pusateri II

128 Prichard Street
Fitchburg, Massachusetts 01420
Telephone (978) 342-6081
Fax (978) 343-0600

January 14, 2002

Legal Assistance Corporation
Of Central Massachusetts
405 Main Street
Worcester, MA 01608
ATTN Jonathan L. Mannina, Esquire

RE: Rodriguez vs. Montalvo
Doc. MCAD No. 01-26-10096

Dear Attorney Mannina:

    I have taken the time to view the sight of the proposed modification with my client. The drawing of the metal lift or alternative one is acceptable so long as I can confirm that the concrete pad is level with the grade and can withstand the weight of a motor vehicle. In addition, it is important that the lift can be and remains locked in that it appears to be an attractive nuance and could cause injury to neighborhood children. Finally, when your clients obtain an estimate on the work, could they also obtain an estimate on fixing the hole in the wall where the new doorway is proposed? If the concrete pad is level with the grade of the driveway and assuming that the tenants will take the lift down when they move or when they no longer need it, then replacement costs could be limited to the replacement of the wall and making the area where the lift was installed safe.

    If your clients would prefer a ramp, enclosed please find a revised version of alternative two. This suggestion addresses the concerns relative to the driveway, parking and seems to be a less expensive plan than the proposed ramp. Finally, when your clients obtain an estimate on the work could they also obtain an estimate on fixing the hole in the wall where the new door way is proposed? Further, it could be that under this design you clients could avoid repair costs all together. However, at this time the landlord expressly reserves the right to require repair.

Please consult with your architect and contractor relative to these concerns and then contact me. Please allow me to point out that the most expeditious way to clear through these problems would be to authorize me to discuss this with your architect. However, you have made it clear that your intentions are to litigate and not effectuate the requested accommodation efficiently.

Next, I would like to take this opportunity to address the issue of parking. Parking has been an issue in the past. With the accommodation on the back wall of the building, your client's parking, as well as everyone else's use of the driveway, will be affected. To keep the driveway clear, the tenants could park one vehicle in the parking space provided in between the two garages and all other vehicles on the street. I believe that your clients underestimate the difficulty in maneuvering vehicles on the property. Please note that damage has already been done to both houses and to the neighbor's garage. This occurs persons attempting to maneuver in the limited area collide with the buildings.

Please note that the issue of parking is being addressed now for continuity sake. Please do not interpret this correspondence as making the landlords consent conditional on your agreement relative to the terms relative to parking. Parking in the common area, especially one shared by a neighboring building, is really a matter of common courtesy, This will be addressed through formal notice if necessary. Please let me know your client's position?

In response to your correspondence of January 11, 2992, which I have enclosed, for convenience, please note that the tenor of our conversation became very argumentative when you mischaracterized material facts, not as a result of you representing your clients position. We argued when you mischaracterized the notice dated June 8, 2001 in the investigative hearing as a straight denial by the landlord to provide for accommodations. The second argument occurred when you mischaracterized the nature and timing of the request for accommodation in your January 9, 2002 correspondence. Be assured that if you continue to distort the facts of this case, I will be quick to correct you.

Finally, please allow me to put in writing what I articulated to you on the phone. Your client's are bringing this case in bad faith. It is obvious your client's primary objective is to obtain money from Victor. In the event that this matter goes to Court, please be advised that I will seek attorney's fees, costs, and expenses pursuant to Mass. Gen. L. c. 231 § 6F for this action.

Govern yourself accordingly.

Very truly yours,

Vincent P. Pusateri, II, Esquire

VPP/cc
cc: client

# Pusateri & Pusateri, P.C.
### Attorneys at Law

Vincent Pusateri
Sylvia L. Pusateri
Vincent P. Pusateri II

128 Prichard Street
Fitchburg, Massachusetts 01420
Telephone (978) 342-6081
Fax (978) 343-0600

January 31, 2002

Legal Assistance Corporation
Of Central Massachusetts
405 Main Street
Worcester, MA 01608
ATTN Jonathan L. Mannina, Esquire

RE: Rodriguez vs. Montalvo
Doc. MCAD No. 01-26-10096

Dear Attorney Mannina:

    Relative to SK2 in your letter you state "my client's will certainly ensure that the new doorway can be safety accessed from the outside". Please allow me to disagree with your opinion. Having viewed the property and the damage being done to the various buildings in the area of the driveway, it becomes quite apparent that there will exist a potentially dangerous situation to have tenants exiting from the building directly into the driveway where motor vehicles are attempting to maneuver. Particularly in light of the history of collisions with the buildings, I would suggest that it would not be possible to make this condition safe. I believe reconstruction of the wall will be nominal expense. Also, we are looking to make sure that the driveway is made safe and specifically that any medal lag bolts protruding from the concrete will also be removed.

    Regardless I will reserve this issue for some future date so that your clients can begin construction of the lift at their earliest convenience. Prior to the initiation of construction, however my client would simply request the name of the contractor and his license number.

# Pusateri & Pusateri, P.C.
### Attorneys at Law

Vincent Pusateri
Sylvia L. Pusateri
Vincent P. Pusateri II

128 Prichard Street
Fitchburg, Massachusetts 01420
Telephone (978) 342-6081
Fax (978) 343-0600

February 12, 2002

Legal Assistance Corporation
Of Central Massachusetts
405 Main Street
Worcester, MA 01608
ATTN Jonathan L. Mannina, Esquire

RE: Rodriguez vs. Montalvo
Doc. MCAD No. 01-26-10096

Dear Attorney Mannina:

Please allow me to suggest that your clients review all three proposals with a licensed contractor. I do not agree with your client's opinion that the alternative drawing of the ramp will have a prohibitive cost. However, if the cost to construct the ramp as proposed by my clients is prohibitive and the lift is not a viable option, your clients' proposed ramp is acceptable.

While I am not familiar with the details relative to parking, I can assure you that there has been damage to all the building surrounding the driveway at issue. The difficulty in utilizing the drive way is exasperated by you clients when they park their vehicles along the back wall. When your clients park along the back wall instead of the suggested parking area, the second floor occupant (Victor or his nephew or a future tenant) cannot access the garage. The only other place to park is along side your client's vehicles, which blocks the rest of the driveway.

Very truly yours,

Vincent P. Pusateri, II, Esquire

VPP/cc
cc: client

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-40224-NMG

|  |  |
|---|---|
| MARIA RODRIGUEZ, Individually<br>And as Administratrix of the Estate<br>Of Jose Rodriguez,<br>    Plaintiff<br><br>v.<br><br>VICTOR MONTALVO and<br>CARMEN SOLIS<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the following documents:

- Affidavit Of Carmen Solis;
- Affidavit Of Victor Montalvo;
- Affidavit Of Vincent Pusateri, Jr., Esq.

were served upon Plaintiff's counsel of record by facsimile on May 18, 2005 and in hand on May 19, 2005 and the following documents:

- Defendant Carmen Solis' Opposition To Plaintiff's Motion For Preliminary Injunction;
- Memorandum Of Defendant Carmen Solis In Opposition To Plaintiff's Motion For Preliminary Injunction; and
- Certificate Of Service

were served upon Plaintiff's counsel of record in hand on May 19, 2005.

_____
Janie Lanza Vowles