UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-40224-NMG

MARIA RODRIGUEZ, Individually )
And as Administratrix of the Estate )
Of Jose Rodriguez, )
        Plaintiff )
        )
v. )
        )
VICTOR MONTALVO and )
CARMEN SOLIS )
        Defendants )

**DEFENDANT CARMEN SOLIS' ANSWER TO VERIFIED COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Carmen Solis ("Mrs. Solis") hereby responds to the numbered paragraphs of the Verified Complaint of Plaintiff, Maria Rodriguez, individually and as administratrix of the estate of Jose Rodriguez ("Plaintiff").

I.    Introduction.

      1.    Paragraph 1 contains an introductory statement to which no response is required. To the extent paragraph 1 is construed to contain factual allegations requiring a response, those allegations are denied.

II.    Jurisdiction.

      2.    Paragraph 2 contains conclusions of law to which no response is required. To the extent paragraph 2 is construed to contain factual allegations requiring a response, those allegations are denied.

1

III.    Parties.

    3.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

    4.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 4. Mrs. Solis admits the allegations of the second sentence of paragraph 4.

    5.    Admitted.

IV.    Statement Of Facts.

    6.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 6.

    7.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

    8.    Admitted.

    9.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

    10.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

    11.    The consideration recited in paragraph 11 is denied. Mrs. Solis admits the remaining allegations of paragraph 11.

    12.    Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. The allegations of paragraph 13 refer to documents which speak for themselves. To the extent the allegations of paragraph 13 are construed to contain factual allegations requiring a response, Mrs. Solis states that she is without knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Admitted.

15. Admitted.

16. Mrs. Solis admits that David Florio assisted in the conveyance. Mrs. Solis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

V. Claims For Relief.

  A. First Claim For Relief (Transfer of February 19, 2003).

17. Mrs. Solis incorporates herein her responses to paragraphs 1 through 16.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent paragraph 18 is construed to contain factual allegations requiring a response, those allegations are denied.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent paragraph 19 is construed to contain factual allegations requiring a response, those allegations are denied.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent paragraph 20 is construed to contain factual allegations requiring a response, those allegations are denied.

21. Mrs. Solis denies that reasonably equivalent value was not exchanged for the referenced transfer. The remaining allegations of Paragraph 21 contain conclusions of law to which

no response is required. To the extent paragraph 21 is construed to contain factual allegations requiring a response, those allegations are denied.

22. Mrs. Solis denies that reasonably equivalent value was not exchanged for the referenced transfer. The remaining allegations of Paragraph 22 contain conclusions of law to which no response is required. To the extent paragraph 22 is construed to contain factual allegations requiring a response, those allegations are denied.

B. <u>Second Claim For Relief.</u>

23. Mrs. Solis incorporates herein her responses to paragraphs 1 through 22.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent paragraph 24 is construed to contain factual allegations requiring a response, those allegations are denied.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent paragraph 25 is construed to contain factual allegations requiring a response, those allegations are denied.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent paragraph 26 is construed to contain factual allegations requiring a response, those allegations are denied.

27. Mrs. Solis denies that reasonably equivalent value was not exchanged for the referenced transfer. The remaining allegations of Paragraph 27 contain conclusions of law to which no response is required. To the extent paragraph 27 is construed to contain factual allegations requiring a response, those allegations are denied.

28. Mrs. Solis denies that reasonably equivalent value was not exchanged for the referenced transfer. The remaining allegations of Paragraph 28 contain conclusions of law to which

no response is required. To the extent paragraph 28 is construed to contain factual allegations requiring a response, those allegations are denied.

C.   Third Claim For Relief.

29.   Mrs. Solis incorporates herein her responses to paragraphs 1 through 28.

30.   Paragraph 30 contains conclusions of law to which no response is required. To the extent paragraph 30 is construed to contain factual allegations requiring a response, those allegations are denied.

31.   Mrs. Solis denies that she took any action with an actual intent to hinder, delay or defraud anyone. The remaining allegations of Paragraph 31 contain conclusions of law to which no response is required. To the extent paragraph 31 is construed to contain factual allegations requiring a response, those allegations are denied.

D.   Fourth Claim For Relief.

32.   Mrs. Solis incorporates herein her responses to paragraphs 1 through 31.

33.   Paragraph 33 contains conclusions of law to which no response is required. To the extent paragraph 33 is construed to contain factual allegations requiring a response, those allegations are denied.

34.   Mrs. Solis denies that she took any action with an actual intent to hinder, delay or defraud anyone. The remaining allegations of Paragraph 31 contain conclusions of law to which no response is required. To the extent paragraph 31 is construed to contain factual allegations requiring a response, those allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff cannot recover to the extent her claims are barred by any applicable statutes of limitations.

2. Plaintiff cannot recover to the extent her claims are barred by the doctrines of estoppel, waiver, laches, unclean hands and fraud.

3. At all relevant times, Defendant's conduct was justified and in good faith.

4. If Plaintiff suffered damage, which Defendant denies, said damage is not attributable to Defendant.

5. Plaintiff cannot recover to the extent she failed to exhaust any applicable administrative remedies.

6. Plaintiff cannot recover to the extent she failed to mitigate her damages.

7. Defendant reserves the right to assert additional affirmative defenses in the event additional affirmative defenses are revealed during the course of this matter.

**Defendant requests a trial by jury on all issues so triable.**

WHEREFORE, Mrs. Solis respectfully requests that this Court (i) dismiss Plaintiff's Verified Complaint and (ii) order all such other and further relief as this Court deems just.

CARMEN SOLIS,

By her Attorney,

_____
Janie Lanza Vowles
BBO# 637022
RONCONE LAW OFFICES
142 Main Street
Leominster, MA 01453
(978) 534-2444

Dated: May 26, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon Plaintiff's counsel of record by regular mail on May 26, 2005.

_____
Janie Lanza Vowles