UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA RODRIGUEZ, Individually and as )
Administratrix of the Estate of Jose Rodriguez )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 04-40224-NMG
VICTOR MONTALVO and )
CARMEN SOLIS )
)
Defendants. )

## PLAINTIFF'S MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO STRIKE JURY DEMAND

Plaintiff Maria Rodriguez, through counsel, submits this Memorandum of Reasons in support of her motion to strike Defendant Carmen Solis' jury demand.

PROCEDURAL BACKGROUND

Plaintiff Maria Rodriguez filed this fraudulent transfer action on October 28, 2004, alleging that Defendant Montalvo transferred property to Defendant Solis in violation of M.G.L. c. 109A, §§ 5 and 6. On November 4, 2004, this Court issued an *ex parte* temporary restraining order enjoining Montalvo and Solis from "withdrawing, transferring, spending, lending, liquidating, or otherwise disposing of or encumbering up to $75,000 of the proceeds of the sale and mortgage" of the subject property. The Court also scheduled a hearing on Plaintiff's request for a preliminary injunction and ordered Defendants to provide an accounting of the proceeds.

1

On November 9, 2004, Defendant Montalvo filed for bankruptcy, staying the instant proceedings. The automatic stay of the claims in this action and the underlying civil rights action was lifted on February 24, 2005. On May 27, 2005, Defendant Carmen Solis filed an answer and jury demand in this case. On June 2, 2005, the Court granted Plaintiff's request for preliminary injunctive relief, ordering Defendants to refrain from disposing of or encumbering up to $75,000 of the proceeds from the sale and mortgage of the subject property; to deposit with the Clerk of Court forthwith all proceeds which remained in their possession, up to $75,000, to be held in escrow pending final resolution of the case; and, if less than $75,000 of the proceeds were deposited into escrow, ordering Defendant Solis to file an affidavit setting forth an accounting of "exactly how and when any of the proceeds from the mortgage or sale of the Property were expended or disposed of."

ARGUMENT

Whether the right to a jury attaches in the instant case is a matter of federal, not state, law. Simler v. Conner, 372 U.S. 221, 222 (1963). The Seventh Amendment, U.S. Const. Amend. VII, governs a petitioner's right to a jury trial in federal court. The Amendment preserves the right in suits "at common law", as it existed in 1791, and also applies to actions brought to enforce statutory rights analogous to common law causes of action that were ordinarily decided in English law courts in the late 18th century, as opposed to courts of admiralty or equity. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41-42 (1989). Thus, in determining whether a party is entitled to a jury, a court will first compare the statutory action to actions brought in English law courts prior to the merger of law and equity. The court then examines the remedy sought to determine whether it is legal or equitable in nature. The second

part of this analysis is the more critical inquiry. Id. at 42.

In the late 18th century, actions to avoid fraudulent conveyances were brought both at law and in equity. Granfinanciera, 492 U.S. at 43-44. In Granfinanciera, the Court upheld the right to a jury in an action to invalidate a fraudulent money transfer, citing the plaintiff's sole pursuit of money damages, traditionally an action in *assumpsit* – a legal remedy which is adequate and complete. See id. at 48-49 & n.7 ("Because . . . respondent has not requested an accounting or other specifically equitable form of relief, a complete remedy is available at law, and equity will not countenance an action when complete relief may be obtained at law.") But where, as here, a plaintiff sought distinctively equitable remedies, the claim would have been decided by a court of equity. Thus, subsequent to the Court's decision in Granfinanciera, several lower courts rejected jury demands in fraudulent conveyance actions where the plaintiff sought restitution, which in general is an equitable remedy, where a complete remedy was not available at law, or where the claim for monetary relief was integral to the equitable relief sought. In re Friedberg, 131 B.R. 6, 12 n.5 (Bankr. S.D.N.Y. 1991) (citing Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990)); In re Bennett, 154 B.R. 126, 133 (Bankr. N.D.N.Y. 1992) (citing American Universal Insurance Co. v. Pugh, 821 F.2d 1352, 1356 (9th Cir. 1987)); see also In re Pasquariello, 16 F.3d 525, 531 (3d Cir. 1994).

In the instant case, Ms. Rodriguez has appealed to the Court's power in equity to declare Defendant Montalvo's transfers unlawful, order the Defendants to provide an accounting, enjoin Defendants from further withdrawing, transferring, spending or otherwise disposing of the proceeds from their sale and mortgage of the subject property, and order the proceeds to be held in escrow with the Court to ensure that the funds are preserved until the underlying civil rights

action is resolved. The remedies requested in Ms. Rodriguez's Prayer for Relief are inherently equitable. See Granfinanciera, 492 U.S. at 44 ("'If, on the other hand . . . the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.'") (quoting 1 G. Glenn, Fraudulent Conveyances & Preferences § 98, pp. 184-84 (1940)); Whitlock v. Hause, 694 F.2d 861, 865-66 (1st Cir. 1982) (finding that plaintiff's claim in the alternative for money damages, if the subject property had been transferred to a *bona fide* purchaser, arose within a wholly equitable framework).

In a case similar to the instant action, the U.S. Court of Appeals for the Third Circuit denied a petition for a writ of mandamus, finding that the petitioner did not have a clear and indisputable right to a jury. In re Pasquariello, 16 F.3d at 531. In denying the writ, the court noted that the respondents had requested, in addition to an avoidance and money damages, a "plethora of equitable remedies" including a plea for an accounting and injunctive relief. Id. Adopting this analysis, the U.S. Bankruptcy Court for the District of Massachusetts granted a motion to strike a jury demand in a fraudulent transfer action, citing the plaintiff's request for equitable remedies such as an injunction and an accounting. In re Pilavis, 228 B.R. 808, 810 (Bankr. D. Mass 1999); c.f. U.S. v. Stewart, 91 A.F.T.R.2d 2003-1014 (W.D. Tex. 2003) (upholding the defendant's right to a jury to determine his tax liability, but striking the demand with respect to a fraudulent transfer claim); In re the Inn at Goose Rocks Ltd. Partnership, 1990 WL 19988, *5 (D. Maine 1990) (trustee's action to set aside a fraudulent conveyance is traditionally an equitable action).

Like the plaintiffs' requests for relief in Pasquariello and Pilavis, Ms. Rodriguez's claims are inherently equitable in nature. Therefore, they do not implicate the Seventh Amendment's

right to a trial by jury. Because there is no alternative statutory basis for Defendant Solis' assertion of this right, this Court should strike Defendant's jury demand.

CONCLUSION

For the reasons set forth above, Ms. Rodriguez respectfully requests that the Court grant her motion.

> PLAINTIFF
> By her attorneys,
>
> Jonathan L. Mannina, BBO # 636492
>
> Mia C. Kim, BBO # 600935
> Legal Assistance Corp. of Central Mass.
> 405 Main Street
> Worcester, MA 01608
> Tel: (508) 752-3718
> Fax: (508) 752-5918

Dated: 6/17/05

CERTIFICATE OF SERVICE

I, Mia C. Kim, attorney for the Plaintiff, hereby certify that I have on this 17th day of June, 2005, mailed the within, postage prepaid, to Defendant Victor Montalvo, 47 Salem Street, Fitchburg, Massachusetts 01420, and to counsel for Defendant Carmen Solis, Janie Lanza Vowles, Roncone Law Offices, P.C., 142 Main Street, Leominster, MA 01453.

Mia C. Kim, Esq.