UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA RODRIGUEZ, Individually and as )<br>Administratrix of the Estate of Jose Rodriguez )<br>Plaintiff, )<br> )<br>v. )<br> )<br>VICTOR MONTALVO and LORI OLTMAN, )<br>Defendants. )<br> ) | CIVIL ACTION NO.<br>02-40139-NMG<br><br>#72 |
| MARIA RODRIGUEZ, Individually and as )<br>Administratrix of the Estate of Jose Rodriguez )<br>Plaintiff, )<br> )<br>v. )<br> )<br>VICTOR MONTALVO and CARMEN SOLIS, )<br>Defendants. )<br> ) | CIVIL ACTION NO.<br>04-40224-NMG<br><br>#34 |

CONSENT ORDER AND SETTLEMENT AGREEMENT

Maria Rodriguez, Individually and as Administratrix of the Estate of Jose

Rodriguez ("Rodriguez") brought a housing discrimination action (C.A. 02-40139-NMG)

against Victor Montalvo ("Montalvo") alleging that he refused to give Rodriguez

permission to make reasonable modifications that would have enabled her son, Jose

Rodriguez, to fully use and enjoy certain rental premises. Rodriguez subsequently

brought a fraudulent transfer action (C.A. 04-40224-NMG) against Montalvo and his

mother, Carmen Solis ("Solis"), alleging that Montalvo fraudulently transferred real

property to Solis during the pendency of C.A. 02-40139-NMG.

WHEREAS, Rodriguez, Montalvo and Solis ("the Parties"), having carefully considered the issues raised in these cases, agree that such issues should be resolved without further litigation;

WHEREAS, by agreeing to this Consent Order and Settlement Agreement (hereinafter described as "Consent Order"), Montalvo and Solis do not admit to any liability to Rodriguez; and

WHEREAS, the Parties acknowledge and affirm that the agreements and undertakings set forth herein, as well as avoidance of the risk and expense of further litigation, constitute good and valuable consideration for the settlement of this litigation;

It is, therefore, mutually agreed between the Parties as follows:

## SECTION I
## RELEASES

1.  Upon approval of this Consent Order by the United States District Court and the United States Bankruptcy Court as described below, the Parties will execute the releases which are attached as Exhibit A to this Consent Order and incorporated by reference herein.

## SECTION II
## MONETARY SETTLEMENT AND APPROVAL BY COURTS

1.  Subject to the approval of the United States District Court and the United States Bankruptcy Court as described more fully below, the parties agree that Rodriguez will receive a total of $30,000.00 in full and final settlement of her claims in C.A. 02-40139 and C.A. 04-40224. As described in paragraphs 2 and 3 below, Montalvo and/or Solis will pay a total of $22,000.00 towards the settlement. As described in paragraph 6 below, Union Mutual Fire Insurance Company ("Montalvo's insurance company") will

pay a total of $8,000.00 towards the settlement.

2. Montalvo has moved the United States Bankruptcy Court for permission to sell the real property located at 47 Salem Street, Fitchburg, Massachusetts ("Salem Street property" or "property") to Joseph M. Brisebois ("buyer"). If the Bankruptcy Court authorizes the sale to buyer, Montalvo will pay the balance of the sale proceeds, if any, to Rodriguez after payments have first been made to GMAC Mortgage Corp. (or the present holder of the first mortgage on the property) and to the City of Fitchburg for real estate taxes and water/sewage obligations, and for normal closing costs and fees/expenses incurred by Nickless and Phillips in obtaining the sale of the property. Montalvo does not know the exact amount of the balance of the sale proceeds at the present time, but he will not be obligated to pay Rodriguez more than $22,000.00 from said balance.

3. If the Bankruptcy Court does not approve the sale to the buyer, or if it does approve the sale and the proceeds intended for Rodriguez do not total $22,000.00, then Solis will pay the balance of the settlement due and owing to Rodriguez up to $22,000.00. Solis understands and agrees that she may be required to pay $22,000.00 to Rodriguez if there are no sale proceeds or if the Bankruptcy Court does not approve the sale to the buyer, but she will not be required to pay more than $22,000.00 under the terms of this Consent Order.

4. Montalvo will direct the closing attorney or the buyer to pay over any remaining balance from the sale proceeds, as described in paragraph 2 above, to Rodriguez by delivery to Jonathan Mannina, Legal Assistance Corporation of Central Massachusetts, 405 Main Street, Worcester, MA, within three days of the closing, of a check made payable to Legal Assistance Corporation of Central Massachusetts, as

attorneys for Maria Rodriguez. The closing shall take place in or within thirty days after the entry of an order by the Bankruptcy Court approving Montalvo's request to sell the Salem Street property to buyer.

5.    Solis agrees to pay her portion of the settlement within seven days of the closing by delivery to Jonathan Mannina, Legal Assistance Corporation of Central Massachusetts, 405 Main Street, Worcester, MA of a check, in an amount to be determined in accordance with the provisions above, made payable to Legal Assistance Corporation of Central Massachusetts, as attorneys for Maria Rodriguez. To the extent Solis intends to pay her portion of this settlement from the amount being held in escrow by the Clerk of the District Court, the Parties will jointly request the District Court to (i) disburse said amount to Jonathan Mannina as provided hereinabove, and (ii) disburse the balance of the amount being held in escrow to Roncone Law Offices, P.C., 142 Main Street, Leominster, MA 01453, as counsel for Carmen Solis. The Parties will make this request as soon as they become aware of the amount of the balance of the sale proceeds, but not later than three days after the closing. To the extent that the Parties have made this request within the specified time frame, Solis will not be deemed to have violated her requirement to make payment within seven days of the closing if the delay in payment is caused by the District Court and/or the Clerk's Office.

6.    The Parties acknowledge and understand that, upon receipt of the settlement funds from Montalvo and Solis as described above, Rodriguez will sign and deliver a release to Montalvo's insurance company. Upon receipt of said release along with separate releases from Solis and Montalvo (which are attached as part of Exhibit A to this Consent Order), Montalvo's insurance company will pay the remaining $8,000.00

to Rodriguez by delivery of a check in said amount to Rodriguez's counsel.

7. The Parties understand and expressly agree that this Consent Order must be approved by both the United States District Court (Gorton, J.) and the United States Bankruptcy Court (Rosenthal, J.) to be effective. If either one of or both of these courts decline to approve this Consent Order, then Montalvo and Solis will not be obligated to pay the amounts set forth herein and any money that has been paid by them will be promptly returned by Rodriguez. In such a case, the Parties understand and expressly agree that Rodriguez will be entitled to continue litigating C.A. 02-40139 and C.A. 04-40224 to final disposition in the United States District Court, and that none of the terms contained in this Consent Order (or the attached releases) will affect her ability to litigate those cases or limit her claims therein in any way whatsoever.

8. The Parties further understand and expressly agree that this Consent Order will not be fully binding as to Rodriguez unless and until Montalvo, Solis and Montalvo's insurance company pay the full amounts set forth in paragraph 1 above, and that Rodriguez is agreeing to this settlement for the sole reason and with the express understanding that she will receive all of the combined monies in the total amount of $30,000.00 as described above. If, notwithstanding their agreements to pay the amounts set forth above, Montalvo, Solis or Montalvo's insurance company fail to pay their designated amount in a timely manner, Rodriguez will be entitled to continue litigating C.A. 02-40139 and C.A. 04-40224 to final disposition in the United States District Court, and none of the terms contained in this Consent Order (or the attached releases) will affect her ability to litigate those cases or limit her claims therein in any way whatsoever.

If the foregoing occurs, Rodriguez will promptly return any moneys that she has received pursuant to the terms herein.

9.  Montalvo agrees that he will amend his Chapter 13 Plan in the United States Bankruptcy Court to provide for payment to Rodriguez consistent with this Consent Order. Montalvo further agrees that he will jointly move with Rodriguez in the United States Bankruptcy Court for approval of this settlement agreement and amendment of his Chapter 13 Plan to provide for payment of the settlement money directly to Rodriguez as a secured creditor outside of the Plan.

## SECTION III
## TERM OF CONSENT ORDER AND COMPLIANCE REPORT

1.  This Consent Order shall continue in force from the date on which it is approved by the United States District Court until all the payments described above in Section II are made, or for a period of six (6) months, whichever occurs sooner. The Consent Order shall extend beyond this six month period to the extent necessary to correct any noncompliance or violation of its terms, when such violations or noncompliance has occurred prior to the expiration of this Consent Order. The United States District Court shall retain jurisdiction of C.A. 02-40139 and C.A. 04-40224 for the duration of this Consent Order.

2.  Rodriguez will prepare and file a compliance report with the U.S. District Court within ninety (90) days of the United States District Court's approval of this Consent Order informing the United States District Court whether the United States Bankruptcy Court has approved this settlement and whether the payments have been made as described above.

3. If the United States District Court declines to execute this Consent Order and/or to accept continuing jurisdiction, or if the United States Bankruptcy Court refuses to approve this settlement, the terms and conditions of this Consent Order shall be deemed null and void and shall not be binding on the Parties. In such a case, Rodriguez will be entitled to continue litigating C.A. 02-40139 and C.A. 04-40224 to final disposition, and none of the terms contained in this Consent Order (or the attached releases) will affect her ability to litigate those cases or limit her claims therein in any way whatsoever. If the foregoing occurs, Rodriguez will promptly return any moneys that she has received pursuant to the terms herein.

4. Upon receipt of all of the settlement funds as described above, Rodriguez will prepare and file a stipulation of dismissal with prejudice in C.A. 02-40139 and C.A. 04-40224, acceptable in form to all of the Parties, and/or take any other actions necessary to dismiss and/or close these two cases as to Montalvo and Solis.

ORDERED this 13th day of Sept., 2005.

_____
U.S. DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Agreement:

9/9/05
DATE

_____
MARIA RODRIGUEZ, Individually and as Administratrix of the Estate of Jose Rodriguez

9-9-05
DATE

_____
JONATHAN L. MANNINA, ESQ.

                                  Attorney for Maria Rodriguez

9-8-05
DATE

_____
VICTOR MONTALVO

9-8-05
DATE

_____
PATRICK R. BUNNELL, ESQ.
Attorney for Victor Montalvo

_____  _____
DATE                 VICTOR MONTALVO


_____  _____
DATE                 PATRICK R. BUNNELL, ESQ.
                     Attorney for Victor Montalvo

_____  */s/ Carmen Solis/*
DATE                 CARMEN SOLIS

9/8/05               */s/ Janie Lanza Vowles/*
DATE                 JANIE LANZA VOWLES, ESQ.
                     Attorney for Carmen Solis

9